[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal in which the defendants including the Darien Planning and Zoning Commission have filed a motion to dismiss (#103) both counts of the plaintiffs' complaint.
The first count is a zoning appeal challenging the enactment of a new zone in Darien which would permit the construction of town-owned moderate cost housing. The defendants claimed that the plaintiffs were not aggrieved by the decision of the defendant commission. The change was from R-1/3 (a one-family residential zone with a minimum of one-third of an acre) to the DB-1, DBR zone (a designed business residential overlay zone permitting multi-family use.) Certain amendments to section 514 of the Darien zoning regulations were enacted at the same time and are also the subject of this appeal.
A hearing was held by this court and several of the plaintiffs, e.g. Peggy Stephens and Elizabeth Galey Clarke, were found to be aggrieved because they either owned land abutting the subject premises located at the intersection of Leroy Avenue and Squab Lane, known as the Prindle Hopkins property, or within 100 feet thereof. General Statutes 8-8(1), 8-9. Thus, the motion to dismiss this first count is denied.
The second count seeks a declaratory judgment, General Statutes 52-29, that the original regulations for the DBR zone enacted in 1983 are illegal. Since the regulations in question were enacted long before June 2, 1989, when this suit began, the time to challenge those regulations had expired; General Statutes 8-8 (2)(b), i.e., "within fifteen days from the date that notice of the decision was published."
One of the other grounds for dismissal of this CT Page 7143 action was a claim that all necessary parties were not served. Practice Book 390(d). This defect was cured by an order of notice of publication. Another ground was a claim of improper joinder of the zoning appeal with the declaratory judgment action. This argument is not addressed as the motion is being decided on other grounds.
Therefore the motion to dismiss the first count is denied and is granted as to the second count.
So Ordered.
Dated at Stamford, Connecticut this 30 day of August, 1991.
William B. Lewis, Judge.